[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12400
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00049-GKS-KRS


CENTRAL MORTGAGE COMPANY,

Plaintiff-Appellee,

versus

JOHN J. LASKOS,
DENISE M. LASKOS,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2014)


Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

John J. Laskos and Denise M. Laskos, defendants in a Florida mortgage foreclosure action, appeal, *pro se*, the remand of their case to Florida state court. The Laskoses removed after the Florida court issued summary judgment against them and denied their motion to reopen the case when they later discovered information they allege renders their mortgage fraudulent and voidable. The district court remanded the case, citing the *Rooker-Feldman* doctrine, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), as a jurisdictional bar, without addressing the Laskoses's claim of removal jurisdiction under 28 U.S.C. § 1443(1). We determined, *sua sponte*, that we lack jurisdiction over the district court's determination under the *Rooker-Feldman* doctrine, but permitted the appeal to continue on the issue of removal jurisdiction under § 1443(1).

The Laskoses argue that Florida Circuit Court Judge Lawrence R. Kirkwood violated Florida law and their federal civil rights to due process by denying their motion to vacate his summary judgment order and to reopen the case after a London Interbank Offer Rate ("LIBOR") scandal was made public: their mortgage note was based upon the LIBOR. The Laskoses argue discovery of the LIBOR scandal shows that their mortgage did not comply with the federal Real Estate

2

Settlement Procedures Act ("RESPA") and the federal Truth in Lending Act ("TILA") and that, under TILA, their mortgage is voidable.  The Laskoses also argue that Judge Kirkwood breached his oath of office under the Judiciary Act of 1789 by violating their due process rights and by exhibiting bias toward them.  The Laskoses also invoke the Supremacy Clause of the United States Constitution, but they do not state how it is applicable to their case.

We review *de novo* whether a district court had removal jurisdiction. *Henson v. Ciba–Geigy Corp.,* 261 F.3d 1065, 1068 (11th Cir. 2001).  Section 1443(1) of Title 28 entitles defendants to remove only if they show both that (1) "the right upon which they rely is a right under any law providing for . . . equal civil rights," and (2) "they are denied or cannot enforce that right" in state courts. *Georgia v. Rachel*, 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966) (quotations omitted).  To satisfy requirement (1), the law invoked must "provid[e] for specific civil rights stated in terms of racial equality." *Id.* at 792.  Broad allegations under constitutional provisions such as the First Amendment and the Due Process Clause of the Fourteenth Amendment "cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all . . . citizens, rather than in the specific language of racial equality that § 1443 demands." *Id.*  To satisfy requirement (2), the defendant must show that the denial or inability to enforce the right is the result

3

of the state's constitution or laws, *id.* at 799, or that "the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute." *Alabama v. Conley*, 245 F.3d 1292, 1296 (11th Cir. 2001) (citing *Rachel,* 384 U.S. at 804-05, 86 S.Ct. at 1796-97).

The Laskoses did not satisfy either requirement of the § 1443(1) test described by the Supreme Court in *Rachel.* The Laskoses have claimed violations of the Due Process and Supremacy Clauses of the United States Constitution, RESPA, TILA, and the Judiciary Act of 1789; but none of these laws provide for specific civil rights stated in terms of racial equality. *See Rachel*, 384 U.S. at 791-92, 86 S.Ct. at 1789-90. Second, the Laskoses allege that they had a right to reopen their case under Florida law; and they do not allege that any law or policy of the state of Florida has rendered them unable to enforce their federal rights. They do allege that Judge Kirkwood was biased; but we have said that allegations of a state court judge's bias are insufficient to satisfy the second requirement for jurisdiction under § 1443(1). *See Conley,* 245 F.3d at 1299.

We conclude that the district court did not err in its implicit determination that removal jurisdiction under § 1443(1) was improper. Accordingly, we affirm the district court's remand of Central Mortgage Company's case against the Laskoses.

**AFFIRMED.**

4